J-S17023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE LEWIS | : | |
| | : | No. 1113 EDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order March 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008894-2009

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 25, 2018**

Andre Lewis appeals from the judgment of sentence, entered in the
Court of Common Pleas of Philadelphia County, denying his petition for post-
collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42
Pa.C.S.A. §§ 9541-9546.  After review, we affirm.

On October 11, 2008, Lewis shot Gilberto Alvarez to death following an
altercation that occurred the previous evening.  On December 30, 2010, a jury
convicted Lewis of third-degree murder, carrying a firearm without a license
and possession of an instrument of crime.[1]  On April 11, 2011, the trial court
imposed an aggregate sentence of 15 to 30 years' imprisonment, followed by
seven years' probation.  On October 19, 2012, this Court affirmed Lewis'

---

[1] 18 Pa.C.S.A. § 2502(c), 18 Pa.C.S.A. § 6106, and 18 Pa.C.S.A. § 907(a),
respectively.

judgment of sentence. **Commonwealth v. Lewis**, 2512 EDA 2011 (Pa. Super. filed October 19, 2012) (unpublished memorandum). On July 11, 2013, our Supreme Court denied Lewis' petition for allowance of appeal.

On May 14, 2014, Lewis timely filed, *pro se*, the instant PCRA petition. The PCRA court appointed Stephen O'Hanlon, Esquire, PCRA counsel, and Attorney O'Hanlon subsequently filed a **Turner/Finley**[2] no-merit letter. On April 24, 2017, the PCRA court dismissed Lewis' PCRA petition. On March 27, 2017, Lewis filed a timely notice of appeal. Both Lewis and the trial court have complied with Pa.R.A.P. 1925. On appeal, Lewis raises the following issue for our review: "Did the PCRA court err in finding that [Lewis'] ineffective assistance of counsel claim was without merit?" Brief of Appellant, at 7.

PCRA petitions are subject to the following standard of review:

As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error. A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. To obtain PCRA relief, appellant must plead and prove by a preponderance of the evidence: (1) his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S. § 9543(a)(2); (2) his claims have not been previously litigated or waived; and (3) the failure to litigate the issue prior to or during trial . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel. An issue is previously litigated if the highest appellate court in which appellant could have had review as a matter of right has ruled on the merits of the issue. An issue is waived if appellant could have

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

raised it but failed to so before trial, at trial, . . . on appeal or in a prior state post[-]conviction proceeding.

***Commonwealth v. Roane***, 142 A.3d 79, 86-87 (Pa. Super. 2016) (citations, quotations and brackets omitted).

Lewis argues trial counsel rendered ineffective assistance where counsel:  (1) did not file a motion to suppress photographic evidence; (2) did not seek a voluntary manslaughter charge; and (3) failed to object to the admission of a prior inconsistent statement by Lewis' mother, Kimberly Underwood.

To prove counsel ineffective, the petitioner must demonstrate that:  (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission.  ***Roane***, 142 A.3d at 88.  A petitioner must set forth and substantively discuss each individual prong of the test for ineffective assistance of counsel.  ***Id.***  A petitioner's failure to meet any prong of the test for ineffective assistance of counsel will defeat an ineffectiveness claim. ***Commonwealth v. Michaud***, 70 A.3d 862, 867 (Pa. Super. 2013).  "A finding that a chosen [trial] strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." ***Commonwealth v. Williams***, 732 A.2d 1167, 1189 (Pa. 1999).

Lewis first avers that counsel rendered ineffective assistance of counsel by not filing a motion to suppress photographic evidence.  Specifically, Lewis

argues that police "went to his Mother's house . . . while no one was there" and "gathered up pictures [of Lewis]" prior to obtaining a search warrant.

"The failure to file a suppression motion under some circumstances may be evidence of ineffective assistance of counsel." *Commonwealth v. Watley*, 153 A.3d 1034, 1044 (Pa. Super. 2016) (quotation omitted). "However, if the grounds underpinning that motion are without merit, counsel will not be deemed ineffective for failing to so move." *Id.* (quotation omitted). Put otherwise, "trial counsel will not be considered ineffective for failing to pursue meritless claims." *Commonwealth v. Freeland*, 106 A.3d 768, 778 (Pa. Super. 2014) (citation and brackets omitted). The defendant asserting ineffective assistance in counsel's failure to file a motion to suppress evidence must establish that there was no reasonable basis for not pursuing the suppression claim, and that if the evidence had been suppressed, there is a reasonable probability the verdict would have been more favorable. *Watley*, 153 A.3d at 1044 (citation omitted).

Here, the record belies Lewis' claim that counsel unreasonably ignored his request to seek suppression of the photographs or that suppression of the photographs would have compromised the Commonwealth's ability to establish he was the shooter. On February 8, 2010, Lewis' trial counsel filed an omnibus pre-trial suppression motion to suppress: (1) Lewis' two statements to police; (2) *photographs of Lewis he avers the police unlawfully obtained from his home*; and (3) subsequent identification of Lewis that he avers resulted from unlawful seizure of the photos and from lineup

identifications. On December 21, 2010, the trial court heard argument from both parties regarding the motion; however, the record suggests Lewis' counsel only argued to suppress the two written statements Lewis gave on October 31, 2008. The trial court ultimately denied Lewis' motion to suppress his statements.

Although trial counsel forwent arguing in favor of suppression of the photographs, the record does not indicate his failure to do so prejudiced Lewis' defense. At trial, multiple witnesses implicated Lewis' involvement in Alvarez's murder without regard to any photographic evidence. Specifically, the witnesses testified that they observed Lewis chasing Alvarez down the street, saw him wielding a handgun, and heard gunshots. N.T. Trial, 12/22/10, at 16-17, 31-42, 86-94. Moreover, at sentencing, Lewis apologized to the victims of the crime, further implicating his involvement in Alvarez's murder. N.T. Sentencing, 4/11/11, at 20 ("I humbly apologize for the life that was taken on my behalf[.]"). **See also** 42 Pa.C.S.A. § 9542 (purpose of PCRA is to afford collateral relief only to individuals convicted of crimes they did not commit and persons serving illegal sentences).

Trial counsel, contrary to Lewis' assertion, did file a motion to suppress photographs, and, in light of the evidence, his subsequent decision to forego arguing the motion at trial did not prejudice Lewis' defense. **Roane**, **supra**; **Williams**, **supra**. Therefore, his first claim on appeal is meritless.

Lewis next claims that trial counsel was ineffective for failing to request a voluntary manslaughter instruction. Review of the record again belies Lewis'

claim. Counsel, in fact, requested a voluntary manslaughter instruction, which the trial court denied. N.T. Trial, 12/29/10, at 87. Therefore, Lewis' claim is meritless.

Lastly, Lewis claims trial counsel rendered ineffective assistance by failing to object to the Commonwealth's admission of his mother's prior inconsistent statement at trial. Lewis' final claim on appeal is without merit.

At trial, Underwood testified that she was present at the time of the underlying incident, and saw "something black" in her son's hand. N.T. Trial, 12/22/10, at 41. However, when confronted with her written statement to police, Underwood confirmed its accuracy in which she stated she saw her son with a "gun in [his] hand." *Id.* at 47. Underwood's prior inconsistent statement was properly admitted as substantive evidence pursuant to *Commonwealth v. Brady*, 507 A.2d 66 (Pa. 1986),[3] and *Commonwealth v. Lively*, 610 A.2d 7 (Pa. 1992).[4] Thus, counsel had no basis upon which to

---

[3] *See Brady*, 507 A.2d at 71 (prior inconsistent statements of non-party witness who was witness at trial and available for cross-examination, were admissible as substantive evidence in prosecution for second-degree murder, burglary, and criminal mischief where out-of-court declaration was rendered under highly reliable circumstances assuring voluntariness, knowledge, and understanding, where witness was extensively questioned by both prosecutor and defense counsel as to respective validity of each statement and as to discrepancy between prior statement and trial testimony, and where jury had more than adequate opportunity to observe demeanor, hear explanations, and assess credibility).

[4] *See Lively*, 610 A.2d at 10 (prior inconsistent statement may be used as substantive evidence only when statement is given under oath at formal legal proceeding, or when statement has been reduced to writing signed and

object to the Commonwealth's admission of Underwood's prior inconsistent statement. Where an underlying claim is meritless, the derivative claim of ineffective assistance of counsel for failing to object has no arguable merit. **Commonwealth v. Spotz**, 47 A.3d 63, 122 (Pa. 2012). Therefore, Lewis' final claim is meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/18

adopted by witness, or when statement is contemporaneous verbatim recording of a witness' statements).